UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>STEVEN A. NICHOLS,<br><br>Defendant. | Case No. 6:25-po-00019-HBK-1<br><br>ORDER DENYING DEFENDANT'S REQUEST FOR REMOTE APPEARANCE<br><br>(Doc. No. 4) |

On February 25, 2025, defendant submitted a request for a video appearance for his March 4, 2025 initial appearance. (Doc. No. 4). On August 7, 2024, defendant was charged with a petty offense: Violation No. E2138151, for allegedly violating 36 CFR §2.32(a)(3)(i), Interfering with agency functions; false information and issued a bailable citation in the amount of $500 plus a $30 processing fee for a total amount of $530. (Doc. No. 1). The Violation Notice, General Order 627, and Federal Rule Criminal Procedure 58(d) provides a defendant with the option to post a fixed sum in lieu of a personal appearance. It is within a defendant's right to appear at an initial appearance to contest a violation and not pay the fixed sum fine. Further information on non-mandatory violation notices may be found on the Court's homepage.[1]

---

[1] https://www.caed.uscourts.gov/caednew/assets/File/CVB%20Non-Madatory%20Violation%20Information-YNP%20(rev%20102324).pdf

On a defendant's consent, video conferencing may be used to conduct initial appearances, arraignments, pleas, trials and sentencing for misdemeanor offenses. Fed. R. Crim. P. 10(c); 43(b)(2).[2] This Court, within its discretion, has a preference to forego the use of video teleconferences for most criminal proceedings because criminal proceedings require a certain solemnity, and the physical presence of all parties contributes to the fairness, integrity, and public function of the proceeding. *United States v. Ramos-Gonzales*, 857 F.3d 727, 732 n. 6 (5th Cir. 2017). And due to its location, this Court regularly experiences technological issues with remote appearances. Further, to the extent the Court finds sufficient circumstances to warrant a remote appearance, the Court generally requires the defendant to appear remotely for an initial appearance from the closest federal court, not from a defendant's home, place of business, or elsewhere.

The Court finds defendant has not established sufficient circumstances to warrant a remote appearance for his initial appearance. Further, the Court only conducts in person trials should this matter proceed.

Accordingly, it is **ORDERED**:

Defendant's request to appear via video conference for his March 4, 2025 initial appearance (Doc. No. 4) is DENIED.

Dated:    February 28, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[2] General Order No. 662, which authorized the use of videoconference technology in certain criminal proceedings under the Coronavirus Aid, Relief, and Economic Security (CARES) Act, has expired.